61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jonathan W. CHUDSON, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 95-3135.
 United States Court of Appeals, Federal Circuit.
 July 14, 1995.
Rehearing Denied Sept. 8, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN, and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Jonathan W. Chudson petitions for review of the October 27, 1994 final decision of the Merit Systems Protection Board, Docket No. DC0330920437-M-1, affirming the Environmental Protection Agency's decision not to select Chudson for the position of Supervisory Criminal Investigator. Because Chudson has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 Chudson was employed with the EPA until October 1990, when he was separated from the service pursuant to a settlement agreement. In accordance with the agreement, Chudson was placed on the EPA's Reemployment Priority List ("RPL"). See 5 C.F.R. Sec. 330.201 (1995). In October 1991, Earl E. Devaney was appointed Director of the Office of Criminal Enforcement at EPA. Following his appointment, he created a new position with the agency, Supervisory Criminal Investigator, GM-14. In December 1991, Devaney asked a former colleague, James M. Catlett, if he would be interested in the job. Catlett was a Supervisory Criminal Investigator with the Department of Treasury's Bureau of Alcohol, Tobacco, and Firearms.
 
 
 3
 In January 1992, Zandra I. Kern of EPA's personnel office informed Devaney that Chudson was on the agency's RPL and had to be considered before the position could be filled from outside the agency. Devaney then interviewed Chudson but decided not to hire him. Devaney concluded that Chudson lacked certain critical experience and, accordingly, that the agency would suffer an "undue interruption" if Chudson were placed in the position. See 5 C.F.R. Sec. 330.207(d) (1995) ("An agency may make an exception to this subpart and appoint an individual who is not on the RPL ... only when necessary to obtain an employee for duties that cannot be taken over without undue interruption to the agency by an individual who is on the RPL...."). Devaney detailed his reasons for not selecting Chudson in a February 3, 1992 memorandum. The EPA then hired Catlett for the position.
 
 
 4
 Chudson appealed his nonselection to the board. See 5 C.F.R. Sec. 330.209 (1995). The board affirmed the agency's action. On appeal to this court, however, we held that the board had improperly excluded the testimony of three witnesses: John W. West, Zandra I. Kern, and Thomas T. Sheehan. Chudson v. E.P.A., 17 F.3d 380, 384-85 (Fed.Cir.1994). We vacated the board's decision and remanded the case to permit Chudson to elicit the testimony of these witnesses.
 
 
 5
 On remand, Chudson was permitted to call West, Kern, and Sheehan to testify. Neither West nor Kern offered any relevant testimony. Sheehan testified as an expert witness. He stated that, in his opinion, the position was a standard desk officer job and that placing Chudson in the position would not have caused the EPA an undue interruption. At the conclusion of the proceeding, the Administrative Judge ("AJ") found that, contrary to Sheehan's assertion, the position was not a standard desk officer job. The AJ also found that Sheehan's testimony did not rebut the EPA's evidence that selecting Chudson would have caused an undue interruption. The AJ therefore concluded that the agency's decision not to hire Chudson conformed with governing regulations. The AJ's initial decision became the final decision of the board when the board denied Chudson's petition for review. 5 C.F.R. Sec. 1201.113 (1994). This appeal followed.
 
 
 6
 The scope of our review of a board decision is limited by statute. We must affirm the decision unless it is shown to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 7
 On appeal, Chudson argues that the board applied the wrong legal standard in determining whether his appointment would have caused an undue interruption. Chudson contends that the board considered whether he met the qualifications deemed necessary by Devaney rather than the qualifications listed in the official position description. Chudson asserts, in essence, that the board required him to possess qualifications beyond those listed in the position description. In support of his argument, Chudson relies on an excerpt from the AJ's initial decision:
 
 
 8
 Given these position qualifications, nothing in Mr. Sheehan's testimony contradicted Mr. Devaney's prior testimony that the appellant did not have the background and experience necessary to perform the duties of the position without undue interruption. Mr. Sheehan provided no evidence that the appellant had supervisory experience in other than a brief acting capacity, or that he had the policy-making, budget, systems management, personnel, or training experience deemed necessary by Mr. Devaney. Mr. Sheehan provided no persuasive evidence that the background and experience sought by Mr. Devaney for the incumbent of the Supervisory Criminal Investigator should not have been necessary. Mr. Sheehan, I conclude, did not rebut the testimony of Mr. Devaney that the appellant's selection would have been an undue interruption (emphasis added).
 
 
 9
 Although the highlighted portion of the analysis refers to the qualifications deemed necessary by Devaney, the preceding sentence states that, given the position qualifications, Chudson lacked the background and experience needed to perform the duties of the position without undue interruption. Thus, it does not appear that the AJ ignored the position description. Moreover, a comparison of Devaney's memorandum outlining his reasons for not selecting Chudson with the thirteen "major duties and responsibilities" defined in the position description shows that there were no substantive differences between the qualifications "deemed necessary by Mr. Devaney" and those listed in the position description. We therefore reject Chudson's contention that the board required him to possess qualifications beyond those listed in the position description.
 
 
 10
 Chudson further argues that the AJ's finding that the position was not a standard desk officer position lacks support in the record. We disagree. Devaney testified concerning the special duties of the position; he also stated that previous position descriptions for "Supervisory Criminal Investigator" positions did not encompass all the requisite qualifications of the position at issue. Thus, the AJ's finding is supported by substantial evidence.
 
 
 11
 Chudson also contends that the AJ erred in finding "that Mr. Sheehan's testimony was not relevant." In fact, the AJ made no such finding. The AJ did not ignore Sheehan's expert testimony or fail to resolve the conflict between Sheehan's testimony and Devaney's testimony, as Chudson alleges. Rather, the AJ found that Sheehan "provided no evidence that [Chudson] had supervisory experience in other than a brief acting capacity, or that he had ... policy-making, budget, systems management, personnel, or training experience...." In other words, the AJ determined that Sheehan's testimony failed to rebut the EPA's showing that hiring Chudson would have caused the agency an undue interruption. Chudson has not persuaded us that the AJ's weighing of the testimony was in error or that her finding is unsupported by substantial evidence.
 
 
 12
 Chudson challenges the AJ's refusal to permit depositions of West and Kern and her cutting off certain lines of questioning during the hearing. It is well-established that "[p]rocedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). Having carefully reviewed the record, we discern no abuse of discretion by the AJ either in refusing to permit depositions of West and Kern or in limiting testimony in the remand proceeding to relevant issues.
 
 
 13
 Finally, Chudson suggests that he was more qualified for the position than the individual selected by the EPA, pointing to the "debatable qualifications of the candidate who was selected." Whether or not the contention is true, it ignores the fact that the only issue on appeal is whether Chudson's selection would have caused an undue interruption to the EPA. Chudson has not cited any authority for the proposition that the selected individual's qualifications are relevant to this inquiry. We therefore find the argument unpersuasive.
 
 
 14
 PAULINE NEWMAN, Circuit Judge, dissenting.
 
 
 15
 I respectfully dissent. Mr. Chudson, in settlement of his whistleblower complaint against the Environmental Protection Agency (EPA), was given two years of placement on EPA's Reemployment Priority List. During that period a position for which he was qualified arose. Without posting the position the Director of the office arranged for the transfer of a former colleague, Mr. Catlett, from another agency. Then, upon intervention of a personnel officer Mr. Chudson was told of the position; he applied, was interviewed, and was rejected. The Director, Mr. Devaney, when pressed, gave the only reason permitted by the reemployment priority regulations, 5 C.F.R. Sec. 330.201, viz. that Mr. Chudson's hiring would cause an "undue interruption" to the agency.
 
 
 16
 From a review of the hearing testimony, it appears that Mr. Chudson had the qualifications that were stated in the position description. Mr. Chudson is described as having "six years of [the same] agency experience in the same grade and series." Although the panel majority now holds that the agency can impose additional requirements, as the administrative judge held, the Office of Criminal Enforcement Director Devaney testified that the position description did describe the position. Indeed, a position description can not be changed sub silentio.
 
 
 17
 The majority states that it is not relevant whether the person who was personally selected (Mr. Catlett) had superior or even equal qualifications. However, when the reason for denying the statutory priority is "undue interruption," there must at least be a showing that the selected candidate would not cause the same interruption. To hold otherwise is to convert the "priority" status into a sham.
 
 
 18
 The panel majority refers to Mr. Chudson's suggestion that he was more qualified than Mr. Catlett for the position. The administrative judge would not permit any questioning on the issue of Mr. Catlett's suitability for the position or whether his appointment would cause more or less "interruption" to the agency than Mr. Chudson's. Yet without such testimony the administrative judge could not have accurately determined whether Mr. Chudson's non-selection was legitimately motivated to avoid "undue interruption," or a sham to ratify the selection of Mr. Catlett.
 
 
 19
 The administrative judge's refusal to permit the requested witnesses to testify at the first trial, and the inappropriately rigorous restraints on testimony on remand, do not leave an impression of fairness in the administrative process. I would reverse the Board's ruling.